**Harold E. LITTKE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 89–68.

United States Court of Veterans Appeals.

Argued Aug. 27, 1990.

Decided Dec. 6, 1990.

As Amended Sept. 23, 1991.

Rick Surratt (non-attorney practitioner), for appellant.

Jacqueline E. Monroe, with whom Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, then Acting Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Associate Judges.

IVERS, Associate Judge:

The veteran appeals from a Board of Veterans' Appeals (BVA) decision which denied his claim for total disability pension. For the reasons stated herein, we find that the Veterans Administration (now the Department of Veterans Affairs) breached its

statutory duty, pursuant to 38 U.S.C. § 3007(a) (1988), to assist the veteran in developing his claim. Therefore, we remand this case to the BVA for further action consistent with this opinion.

## BACKGROUND

In 1987, the veteran submitted a claim for total disability on the grounds that his arthritic condition prevented him from obtaining gainful employment. The veteran, formerly a truck driver, had not been employed since 1982. He told the examiner that in 1983 he was diagnosed as having arthritis in the lower spine area and left hip joint and was prescribed 3900 mg of aspirin per day. He also complained of persistent pain in his lower left back and both ankles and "hot spots" in his hands, elbows, knees, and hips. The veteran further stated that he was not able to sit or stand for much over an hour. Although the VA medical examination revealed numerous degenerative changes in the spine, degenerative joint disease of the left hip, and degenerative changes in the left foot, the VA examiner's report indicated that the veteran had full range of motion at the shoulders, knees, hips, wrists, and ankles. However, the examiner failed to indicate whether the veteran experienced any pain during movement. Most significantly, the examiner failed "to record the excursions of movement, in number of degrees, of each joint tested" as required by the VA Physicians Guide for Disability Evaluation Examiners, paragraph 2.17 (1985). The ratings board found that the veteran had a twenty percent disability from multiple joint arthritis. However, the ratings board concluded that given the veteran's age (58), education (2 years of college), work background (truck driver), and disabilities, he was not precluded from further substantial gainful employment. The veteran filed a Notice of Disagreement (NOD) on November 28, 1988.

The veteran's substantive appeal to the BVA contained detailed information relative to his physical limitations, the veteran's statements regarding the occurrence and results of a recent private medical examination, material discussing the nature and extent of his disability and an account of his efforts to obtain gainful employment. The veteran also informed the BVA that his recent X-rays taken revealed marked deterioration in his condition and that he had requested an examination by the VA.

In affirming the rating board's decision, the BVA found that although the veteran's disabilities did limit his occupational opportunities, they did not preclude him from engaging in ordinary work which did not entail extensive physical exertion. The veteran now appeals to this Court, seeking a reversal of the BVA's decision. Under 38 U.S.C. § 4052 (1988), this Court has jurisdiction to hear this appeal.

## ANALYSIS

■ The VA takes pride in operating a system of processing and adjudicating claims for benefits that is both informal and nonadversarial. An integral part of this system is embodied in the VA's duty to assist the veteran in developing the facts pertinent to his or her claim. This cornerstone of the veterans' claims process is codified at 38 U.S.C. § 3007(a) (1988) which provides in pertinent part that:

> The Administrator shall assist such a claimant in developing the facts pertinent to the claim. Such assistance shall include requesting information as described in section 3006 of this title.

Title 38 U.S.C. § 3006 (1986) requires that the head of a Federal department or agency provide any information that the Administrator may request in order to determine eligibility for benefits or to verify other information regarding benefits. This statute sets forth but one of the many ways in which the VA is obligated to assist the veteran. See *Jolley v. Derwinski*, 1 Vet. App. 37 (1990) for an example of yet another way in which the VA is obligated to assist the veteran in developing his or her claim. In that case, this Court held that the VA had a duty to inform the veteran of the existence of newly discovered medical service records and to assist him in recovering those records. At 38–40. *See also Murphy v. Derwinski*, 1 Vet.App. 78 (1990) (VA has statutory duty to assist veteran in obtaining both government and civilian

records). Additionally, 38 U.S.C. § 241 (1988) directs the Administrator to provide aid and assistance to the veteran to the maximum extent possible.

The VA has more clearly stated its obligation to the veteran in its own regulations at 38 C.F.R. § 3.103(a) (1989) which provides that:

(a) *Statement of policy.* Proceedings before the Department of Veterans Affairs are ex parte in nature. It is the obligation of the Department of Veterans Affairs to assist a claimant in developing facts pertinent to his or her claim and to render a decision which grants him or her every benefit that can be supported in law while protecting the interests of the Government. This principle and the other provisions of this section apply to all claims for benefits and relief and decisions thereon within the purview of this part.

Historically, the assistance given to the veteran in a claim for disability benefits has involved, for the most part, obtaining and assembling the claimant's service medical records. However, the duty to assist goes beyond this. By assisting the claimant in developing pertinent facts, from whatever source, and by conducting a thorough medical examination when, as in this case, there is, in the record, evidence of a significant change in the claimant's condition, the VA will more adequately fulfill its statutory and regulatory duty to assist the veteran. A well developed record will ensure that a fair, equitable and procedurally correct decision on the veteran's claim for benefits can be made.

In the present case, the VA contends that the BVA was not required to obtain additional medical evidence prior to rendering its decision denying the veteran's claim for total disability pension. The VA takes the position that § 3007 does not require them to obtain medical records held by non-governmental agencies and, further, that the recent medical evidence is not relevant to the 1987 ratings board decision. (Br. of Appellee at 20–24.) However, because the record before the BVA was incomplete on its face, in that it lacked any notation of pain during movement and failed to properly record the veteran's range of motion, and because the veteran made reference to recent private medical examinations in his substantive appeal and further, because he had requested that a new medical examination be conducted, we find this contention to be untenable. At a minimum, the VA had a duty to advise the veteran to submit the results of his private medical examination and to make them part of the record on appeal. Under the regulations applicable in this case, there was no apparent restriction, at any time, on the submission of new evidence. It should be noted that the VA recently amended its own regulations to more clearly delineate the deadlines for the submission of new evidence during the pendency of an appeal. (*See* 55 Fed.Reg. 20,144 (1990) (to be codified at 38 C.F.R. §§ 3.156, 19.174)). These rules became final on June 14, 1990.

 Given the inadequacy of the initial examination and the existence of new medical evidence, the VA failed to fulfill its duty to assist the veteran in obtaining and developing available facts and evidence to support his claim. The "duty to assist" is neither optional nor discretionary. "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974); *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); *Vitarelli v. Seaton*, 359 U.S. 535, 3 L.Ed.2d 1012 (1959). Furthermore, the inadequacy of the record should have prompted the BVA to remand the case to the agency of original jurisdiction to obtain more complete medical information—at a minimum, the results of the private medical examination reported by the veteran—and to further develop the record pursuant to 38 C.F.R. § 19.182(a) (1989). The VA's argument in its supplemental memorandum that the decision to remand cases for consideration of later-developed evidence or for further development of an inadequate record is solely within the BVA's discretion

is only partially correct. Section 19.182(a) states that:

> When, during the course of review, it is determined that further evidence or clarification of the evidence or correction of a procedural defect is essential for a proper appellate decision, the section of the Board *shall* remand the case to the agency of original jurisdiction, specifying the further development to be undertaken.

(emphasis added). This provision clearly requires that the BVA make a determination as to the adequacy of the record and if it finds that the record before it is inadequate, remand is then mandatory rather than permissive, as suggested by the VA. Where, as here, the record before the BVA was clearly inadequate, remand is required.

Therefore, pursuant to 38 U.S.C. § 4061(a)(3)(D) (1988), we find that the record before the BVA was inadequate and the BVA's failure to remand to the agency of original jurisdiction constituted a failure to observe proper procedure as required by law. This case will be remanded to the BVA with the direction that the BVA remand the case to the agency of original jurisdiction with instructions to assist the veteran by obtaining the medical records referred to herein, by ordering a new VA medical examination if existing medical information is insufficient for evaluation purposes, and by considering the medical records and the results of the examination, if said examination is conducted, in determining the veteran's disability. We will retain jurisdiction and direct that, whether the Secretary grants or denies the relief sought by the veteran, the Secretary supplement the record on appeal to include the further action of the Board. The supplemental record shall be filed with the Court and a copy served upon the appellant.

*It is so Ordered.*