Bernard Edward HESS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–8.

United States Court of Veterans Appeals.

Submitted June 4, 1990.

Decided Feb. 14, 1992.

Bernard Edward Hess, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Associate Judges.

NEBEKER, Chief Judge, filed the opinion of the Court, in which HOLDAWAY, Associate Judge, joined. KRAMER, Associate Judge, filed a dissenting opinion.

MEMORANDUM DECISION

NEBEKER, Chief Judge:

Appellant, Bernard Edward Hess, seeks review of an October 18, 1989, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the BVA determined that letters submitted from two physicians, while new, established no new factual basis which would establish service connection for a back disability. The Board concluded that the veteran's back disability was not the result of disease or injury incurred or aggravated in service, and, therefore, denied service connection.

Upon consideration of the supporting memoranda, appellant's brief, and a review of the record, it is the holding of the Court that appellant has not demonstrated that the Board of Veterans' Appeals committed either factual or legal error which would warrant reversal. *See Colvin v. Derwinski,* 1 Vet.App. 171 (1991) (not every piece of new evidence will justify reopening because some evidence is of limited weight and is insufficient to justify change in the outcome of claim); *See also Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Therefore, appellee's motion for summary affirmance is GRANTED and the decision of the BVA is AFFIRMED.

KRAMER, Associate Judge, dissenting.

I am unable to join the opinion of the majority because I believe that a letter submitted by the appellant from his doctor triggered the duty to assist under 38 U.S.C. § 5107 (formerly § 3007(a)). In this letter, the doctor stated that he had treated the appellant shortly after the appellant left service, and that it was his opinion that the appellant's back disability began while the appellant was in service. While this letter may not be conclusive on the issue of service connection, I believe that section 5107(a)'s mandate that the Department of Veterans Affairs (VA) assist the appellant "in developing the facts pertinent to" his claim required the VA to at least attempt to contact the doctor. *Littke v. Derwinski,* 1 Vet.App. 90 (1991) (case remanded in part for VA to obtain private medical records which veteran had described in appeal to BVA).

I dissent.