Creal JAMES, Sr., Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–1096.

United States Court of Veterans Appeals.

April 1, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of March 13, 1991, the Board of Veterans' Appeals (Board or BVA) denied a rating of greater than 70% disabling for paranoid schizophrenia and denied service connection for a duodenal ulcer claimed to be secondary to paranoid schizophrenia. *Creal James, Sr.*, BVA No. 91–08112 (Mar. 13, 1991). A timely appeal to this Court followed. On November 19, 1991, appellant filed an informal brief. On January 15, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance of the denial of service connection for a duodenal ulcer and for remand of the issue of an increased rating for paranoid schizophrenia, for acceptance of the motion in lieu of a brief and for a stay of proceedings pending a ruling. Appellant did not file a response to the motion.

In his informal brief, appellant essentially asserts that the BVA erred when it failed to conclude that his duodenal ulcer directly resulted either from his psychiatric condition or from medication prescribed for that condition. He also argues that all the evidence of record indicates that he is unemployable due to his mental disabilities. The Secretary asserts that the Court should reject the theory that appellant's stomach disorder was caused by psychiatric medication because it was not raised before the Department of Veterans Affairs Re-

gional Office (RO) or the Board. The Secretary argues that the Board's determination that appellant's stomach disorder was not causally related to stress or his psychiatric disabilities is supported by the record, and thus the denial of service connection should be affirmed. In seeking a partial remand, the Secretary asserts that, on the issue of an increased rating for paranoid schizophrenia, the BVA failed to apply correctly 38 C.F.R. § 4.16(c) and that a readjudication is necessary to determine appellant's entitlement to a total disability rating based on individual unemployability.

■■■ The Court agrees that the BVA did err in misreading and misapplying 38 C.F.R. § 4.16(c) which provides:

(c) The provisions of paragraph (a) of this section are not for application in cases in which the only compensable service-connected disability is a mental disorder assigned a 70 percent evaluation, and such mental disorder precludes a veteran from securing or following a substantially gainful occupation. *In such cases, the mental disorder shall be assigned a 100 percent schedular evaluation under the appropriate diagnostic code.*

38 C.F.R. § 4.16(c) (1991) (emphasis added). The Board interpreted § 4.16(c) as "preclud[ing] the assignment of a total disability rating in cases in which the only compensable service-connected disability is a mental disorder which has been assigned a 70 percent evaluation ..." *James,* BVA No. 91–08112, at 2. Instead of applying § 4.16(c) and considering whether appellant in fact was unemployable, the Board determined that appellant did not meet the criteria for a 100% schedular rating under Diagnostic Code 9203. In so doing, the Board acted contrary to the plain meaning of the regulation. Under § 4.16(c), the issue is not whether a claimant's disability meets the requirements for a rating of 100%, but whether the claimant is unemployable due to the mental disability which is rated at 70%; if so, then the last sentence of § 4.16(c) compels the assignment of "a 100 percent schedular evaluation under the appropriate diagnostic code." Consequently,

as the Board failed to consider the unemployability issue, a remand to permit the Board to address the issue is required, not a reversal on the merits as appellant requests. It is not the function of this Court to determine in the first instance whether an appellant is precluded from securing or following a substantially gainful occupation due to a mental disorder assigned a 70% evaluation; "rather, it is the function of this Court to decide whether such factual determinations made by the BVA in a particular case constituted clear error." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990).

■■■ Additionally, a remand will permit the Board to readjudicate the issue whether the duodenal ulcer is secondary to appellant's mental condition or the medication prescribed for that condition. Once appellant raised the issue that his stomach disorder was secondary to his service-connected disability, the RO and the Board were bound to develop *"all* relevant facts". *Murphy v. Derwinski,* 1 Vet.App. 78, 82 (1990). Here, the issue was causation; therefore, it is significant indeed that the medical reports upon which the RO and Board based the denial of service connection for appellant's duodenal ulcer were silent as to causation. Where causation is at issue, an adequate report would include "[an] opinion by the examining physician as to a possible relationship between the veteran's service-connected [paranoid schizophrenia] and the subsequent development of [a duodenal ulcer]". *Moore v. Derwinski,* 1 Vet.App. 401, 405 (1991). Under 38 C.F.R. § 4.2 (1990), if the RO finds that an examination report "does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes". The BVA may secure medical opinions from the Chief Medical Director (38 C.F.R. § 19.176(a)), from an independent medical expert (38 C.F.R. § 19.177) or remand to the RO for "further evidence or clarification of evidence ... essential for a proper appellate decision" (38 C.F.R. § 19.182(a)). The RO and the Board breached their statutory duty, under 38 U.S.C. § 5107(a) (1991), to assist appellant—and the duty to them-

selves—by neglecting to order a probative examination. *See Gilbert, supra; Littke v. Derwinski,* 1 Vet.App. 90 (1991).

Upon consideration of the record, appellant's informal brief, and appellee's motion for partial summary affirmance and partial remand, it is the holding of the Court that the BVA erred in failing to apply 38 C.F.R. § 4.16(c) and by rendering a denial of service connection for an asserted secondary disability based upon an inadequate record. Therefore, appellee's motion for partial summary affirmance and partial remand is DENIED. The BVA decision of March 13, 1991, as to the denial of a disability rating greater than 70% for paranoid schizophrenia and denial of service connection for a duodenal ulcer, is VACATED and the matter is REMANDED to the BVA for readjudication consistent with this opinion.