Ollie T. HOGWOOD, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–546.

United States Court of Veterans Appeals.

Oct. 29, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II era veteran Ollie T. Hogwood, appeals from a March 6, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to service connection for asbestosis. *Ollie T. Hogwood*, BVA 91–11021 (Mar. 6, 1991). The Secretary of Veterans Affairs (Secretary) has moved for a remand, conceding that the decision lacks adequate articulation of the reasons or bases for the Board's findings. The appellant filed a motion in opposition to the Secretary's motion. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Secretary's motion will be granted and the BVA decision vacated and the matter remanded to the Board for re-adjudication consistent with this decision.

The record indicates that the veteran served in the U.S. Merchant Marine intermittently between February 1944 (or possibly earlier) and April 1945. R. at 1–3. Following discharge, he was employed by E.I. du Pont de NeMours & Company (Du Pont) at its Spruance plant in Richmond, Virginia. R. at 39. Du Pont medical records indicate that the veteran exhibited symptoms of asthma in 1949. R. at 33. A series of X rays taken by Du Pont in 1949 and 1950 show increased clouding of the lungs. R. at 34–37. In 1952, the veteran was diagnosed as suffering from bronchitis and asthma, and emphysema was diagnosed in 1967. R. at 38–39. In 1980, he was diagnosed with chronic obstructive pulmonary disease (COPD) and pleural thickening consistent with asbestosis. R. at 39. In 1979 Du Pont retired him on pension because of his decreasing lung function, and in 1980 awarded him compensation for his respiratory disabilities. *Ibid.*

In its decision, the Board failed to discuss an October 1989 letter from a private pulmonary specialist, Dr. Cullen B. Rivers, who stated:

> For three and a half years [the veteran] did work in naval vessels in a boiler room. During this time he was exposed to asbestos insulation using 12 foot sheets which had to be cut and applied to pipes for insulation. He was exposed to asbestosis in this manner over the three and a half years. This presumably is a major factor in the findings on chest x-ray.

R. at 68. The Board also failed to discuss adequately a May 1989 letter from Dr. Donald O. Oslee, a medical supervisor with Du Pont. In the letter, Dr. Oslee stated:

> In 1980 we reviewed his records and had him seen by Dr. Rivers. It was determined that he had [COPD] in the form of pleural thickening. We could not say that we had not exposed him to asbestos dust during his work here and accepted his case as a Stage I (Virginia Classification) compensable disease. It was the pulmonary specialist's opinion that [the veteran's] past asbestos exposure occurred working in the engine rooms of ships during his Merchant Marine days.

R. at 39. In a June 1989 rating decision, a Department of Veterans Affairs (VA) Regional Office had misconstrued Dr. Oslee's letter and the circumstances surrounding Du Pont's award of compensation as follows: "[The veteran's] claim was accepted as compensable because of exposure to asbestos dust during his work at Du Pont." R. at 40. In its decision, the BVA asserted that the veteran had "worked during construction at a shipyard prior to his merchant marine service." *Hogwood*, BVA 91–11021, at 3. The BVA then concluded: "In light of the exposure to asbestos which is unrelated to the recognized active duty, we cannot conclude that the veteran's post service asbestosis is actually related to service." *Ibid.*

■ The BVA's statement of the reasons or bases for its conclusion does not adequately address all of the evidence favorable to the veteran. Pursuant to 38 U.S.C. § 7104(d)(1) (formerly § 4004) and the Court's decision in *Gilbert v. Derwinski*, 1

Vet.App. 49 (1990), the statutorily required statement of reasons or bases for Board decisions must include "an analysis of the credibility or probative value of the evidence submitted by and on behalf of the veteran in support of his claim [and] a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert*, 1 Vet.App. at 59. Here, the Board does not address why it rejected the opinion, shared by both Dr. Rivers and Dr. Oslee, that the veteran's asbestosis was caused by exposure to asbestos during service, and instead appears to embrace Dr. Oslee's implied admission that the veteran may have suffered asbestos exposure while employed by Du Pont. Further, the record on appeal (ROA) contains no evidence to support the Board's finding that the veteran was exposed to asbestos prior to his entry into the Merchant Marine, and the Board provides no reasons or bases for so finding. Only if provided with "complete [albeit succinct] explanations" for a BVA panel's actions may the Court effectively review the decision and may the appellant understand and evaluate the Board's actions. *Gilbert, supra.*

■ Inextricably linked to the Board's finding that the veteran had suffered pre-service asbestos exposure is the question, raised in the appellant's very articulate brief, of when he began his qualifying Merchant Marine service. The ROA contains a "Certificate of Release or Discharge from Active Duty" issued pursuant to title IV of Pub.L. No. 95–202, 91 Stat. 1449 (1977) (codified at 38 U.S.C. § 106 (note)) (authorizing the Secretary of Defense to recognize as active military service the service of certain groups of individuals whose activities assisted the armed forces during World War II); *see* 38 C.F.R. § 3.7(x)(14), (15) (1991) (so recognizing Merchant Marine service, respectively, "on Blockships in Support of Operation Mulberry" and "in Oceangoing Service during the Period of Armed Conflict, December 7, 1941, to August 15, 1945"). R. at 1–2. However, the appellant asserts that the certificate, which stated that his active duty began in 1944, is in error, and that he had entered active service in 1942. Br. at 9. When, as here, a claimant has submitted a well-grounded claim, the Board is required to assist that claimant "in developing the facts pertinent to the claim". 38 U.S.C. § 5107(a) (formerly § 3007); *see Littke v. Derwinski*, 1 Vet. App. 90, 91–92 (1990). On remand, the Board will be required to verify the dates of the appellant's qualifying service. *See* 38 C.F.R. § 3.203(c) (1991) (when document submitted to establish evidence of service contains possibly inaccurate information, VA must request verification from service department).

■ Upon consideration of the record and the submissions of the parties, the Court grants the Secretary's motion, vacates the March 6, 1991, BVA decision, and remands the matter for prompt readjudication, in accordance with this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1). On remand, the appellant will be free to submit additional evidence and argument. *See Quarles v. Derwinski*, 3 Vet. App. 129 (1992). If the Board determines that the medical evidence of record is insufficient, or that the complexity of the medical evidence so warrants, it should seek the opinion of an independent medical expert, so that the evaluation of the disability will be a fully informed one. *See* 38 U.S.C. § 7109 (formerly § 4009); *Littke v. Derwinski*, 1 Vet.App. at 92. The Court notes that "a remand is meant to entail a critical examination of the justification for the decision" and is not "merely for the purpose of rewriting the opinion so that it will superficially comply with" the Court's order. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon the appellant) a copy of any Board decision on remand. Within 14 days after any such final decision, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.