**Pedro P. DEL ROSARIO, Jr., Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–478.**

United States Court of Veterans Appeals.

Dec. 28, 1992.

Andrew H. Marshall (non-atty. practitioner) was on the brief for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John C. Winkfield, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and MANKIN and HOLDAWAY Associate Judges.

MANKIN, Associate Judge:

Pedro P. Del Rosario, Jr., appeals from a February 21, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied an increased evaluation for coronary artery disease, currently evaluated as 60% disabling, and denied a total rating based on individual unemployability due to service-connected disabilities. Appellant filed a brief on December 6, 1991. The Secretary of Veterans Affairs (Secretary) filed a brief on June 12, 1992, and appellant filed a reply brief on June 29, 1992. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). The Court remands this case for proceedings consistent with this opinion.

Veteran served on active duty from October 18, 1954, to March 6, 1974. Del Rosario was granted service connection, evaluated as 30% disabling, for coronary artery disease, effective November 1, 1984. Service connection was also awarded for chronic cystitis and prostatitis, at 20% dis-abling, and for post-concussion syndrome, rated at 10%, and noncompensable ratings were granted for service-connected peptic ulcer disease and lichen simplex chronicus.

From 1986 to 1988, veteran received medical attention at a hospital approximately nineteen times for high blood pressure. Beginning January 25, 1989, veteran was hospitalized for ten days for cardiac catheterization. Veteran was diagnosed with moderately severe atherosclerotic coronary artery disease, and on February 14, 1989, he underwent a triple coronary artery bypass operation. The hospital discharge summary precluded veteran from driving, exercising, and lifting items exceeding ten pounds.

In a rating decision of July 12, 1989, the Department of Veterans Affairs (formerly Veterans' Administration) (VA) Regional Office (RO) increased veteran's rating for coronary artery disease to 100% disabling, effective January 25, 1989, due to hospitalization for bypass surgery, and then decreased it to 60% disabling from April 1, 1990. From April 1, 1990, veteran's combined disability rating was 70%. Veteran filed a Notice of Disagreement (NOD), and a confirmed rating decision was issued on April 16, 1990.

Del Rosario claims entitlement to a higher rating for coronary artery disease and a total rating based on individual unemployability. In support of his claims, veteran submitted several recent medical records evidencing throat tightness and shortness of breath when walking, fatigue, and high blood pressure. The VARO approved an attendant for the veteran "due to [his] confirmed medical incapacitation." In addition, veteran submitted a January 1990 letter entitling him to eligibility in the Agent Orange Veteran Payment Program because he was found to be "totally disabled" as of February 1985. He also presented a 1984 statement from his supervisor, made in connection with veteran's disability retirement claim, in which the supervisor stated that due to veteran's disabilities he was frequently absent from work and was not able to perform his employment responsibilities. In his application for increased

compensation based on unemployability, veteran stated that he left his last position as a quality control inspector in November 1987 due to his disabilities. Evidence of Del Rosario's attempts to secure employment are documented in the record.

The February 21, 1991, BVA decision denied veteran entitlement to an increased evaluation for coronary artery disease. The Board also denied veteran's claim for total rating based on individual unemployability, and found that veteran's

> service-connected disabilities, individually or collectively, are not shown to prevent the veteran from performing some kind of substantially gainful occupation. While his heart disease may limit his engagement in more stressful and physically demanding kinds of work, he has not been shown to be precluded from engaging in all kinds of substantially gainful work. The veteran is not shown to be unemployable for VA compensation purposes when his service-connected disabilities are evaluated in association with his educational level and occupational level.

The Secretary conceded that a remand may be appropriate in this case. The Secretary's brief states that "there exists a basis for a remand to the BVA to obtain additional clinical information to determine whether in fact there exist[s] either chronic residual findings of congestive heart failure or an actual medically diagnosed condition of angina." The Secretary further noted that

> there exists a basis for a more definitive determination based upon a more definitive medical diagnosis of the [a]ppellant's condition. . . . [T]here exists a basis for a remand to the BVA and to the regional office for additional development of the evidence and additoinal [sic] reasons or bases for the decision. On remand, an advisory opinion from an Independent Medical Expert or the VA Chief Medical Director could be obtained, or recognized medical treatises to support its ultimate conclusion could be cited.

The Court accepts the concessions of the Secretary, and holds that remand is appropriate in this case. The Secretary informed the Court that additional medical information could be obtained to better adjudicate Del Rosario's claims. Where an examination report "does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes." 38 C.F.R. § 4.2 (1991). As the Secretary properly noted, where further evidence or clarification of evidence is necessary, the BVA may secure medical opinions from the Chief Medical Director or from an independent medical expert, or remand to the RO for a full examination. *See* 38 C.F.R. §§ 19.176, 19.177, 19.182 (1991). Instead of fulfilling the statutory duty to assist, the rating board issued a rating and the BVA rendered a decision based on an inadequate record. *See* 38 U.S.C. § 5107(a) (formerly § 3007(a)). The Court holds that the record is inadequate and remand is required to the RO, pursuant to 38 C.F.R. § 19.182. *See Green v. Derwinski,* 1 Vet.App. 121, 124 (1991). Upon remand, veteran shall be provided a thorough medical examination which takes into account the records of prior medical treatment, so the evaluation of veteran's claimed disabilities will be a fully informed one. *See Wilson v. Derwinski,* 2 Vet.App. 16, 21 (1991); *Green,* 1 Vet.App. at 124; *Littke v. Derwinski,* 1 Vet.App. 90, 92 (1990). Upon completion of the medical examination, the Board shall address appellant's claims for unemployability and increased evaluation for coronary artery disease, considering all applicable law and regulations, and provide an adequate "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions." 38 U.S.C. § 7104(d) (formerly § 4004(d)). *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *Ledford v. Derwinski,* 3 Vet.App. 87 (1992).

Accordingly, the BVA decision is REVERSED and the matter is REMANDED for action consistent with this opinion.