**Danny G. KING, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1457.

United States Court of Veterans Appeals.

April 15, 1993.

Danny G. King, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Peter M. Donawick were on the pleadings for appellee.

Before NEBEKER, Chief Judge, FARLEY and IVERS, Associate Judges.

IVERS, Associate Judge:

The veteran appeals the May 13, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to service connection for a chronic acquired psychiatric disability. On March 18, 1992, the veteran filed his brief. On May 20, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of this motion in lieu of a brief, and for a stay of proceedings pending a ruling on the motion. The Court has jurisdiction of the case under 38 U.S.C.A. § 7252(a) (West 1991).

## I. BACKGROUND

The veteran, Danny L. King, served on active duty with the United States Army from January 29, 1971, until February 9, 1973. R. at 1.

Originally, the veteran received an other than honorable (OTH) discharge. R. at 2. That discharge was based on frequent misconduct, to include over 200 days in AWOL (absent without leave) status. R. at 17. At the time of his discharge, the veteran was assigned to a U.S. Army Retraining Brigade, an internal Army disciplinary unit. While at the Retraining Brigade, the veteran engaged in repeated "discreditable acts." *Id.* Consequently, the commander of the Retraining Brigade recommended that the veteran receive an "Undesirable Discharge." *Id.* As part of the discharge process, the veteran received a "mental status evaluation," which found that the veteran had no mental illness and that he was fully capable of participating in discharge proceedings. An undated copy of this evaluation is in the record. R. at 16.

The veteran's OTH discharge was eventually upgraded to "discharge under honorable conditions," by the Adjutant General of the Army, effective June 12, 1978. R. at 2. The veteran's first appeal to the BVA for service connection for a chronic acquired psychiatric disorder was in 1984. The BVA denied that appeal in an August 20, 1984, decision. R. at 59–62. In October 1984, the veteran applied again for service connection for "alcohol, drugs, head injury, nerves." R. at 64–67. He also filed two "Statement[s] In Support Of Claim," over a two-year span, first in October 1984 and again in October 1986, to reopen the claim from the 1984 BVA decision. R. 68–69, 71–72, 79–80. He submitted additional evidence in the form of private medical records from Andrew W. McKendry, Ed.D., and William Cone, M.D., who had treated the veteran. R. at 74–78, 82–103. The veteran also submitted his own Veterans' Administration (now Department of Veterans Affairs) (VA) medical records from September 1987 through August 1988, R. at 125–50, and testified, under oath, at a hearing conducted at the VA Regional Office (RO) in January 1988, R. at 151–64. The veteran later produced more evidence in the form of medical records: private medical records, dated June 1987 through April 1988, from Doctors Kim and Chung, R. at 165–75; and more medical records from Dr. Cone, from April and September 1988, R. at 177, 179. On August 26, 1988, the BVA reviewed the veteran's appeal on the basis of entitlement to a permanent and total disability rating for pension purposes. R. at 181–85. Finding the veteran capable of "some form of substantially gainful em-

ployment," they denied the appeal. R. at 185.

On October 12, 1988, the veteran sought entitlement to service connection for post-traumatic stress disorder (PTSD). R. at 190–93, 195–96. The VARO denied service connection in a rating decision, dated February 10, 1989. R. at 198–99. On August 7, 1989, the veteran again filed for service connection for PTSD and sought to reopen his claim for non-service-connected pension. R. at 201–03. He also submitted more medical reports from Dr. Cone from March 1989. R. at 205–08. The VARO denied both claims in an August 21, 1989, rating decision. R. at 210–11.

The veteran then sought service connection for a "nervous condition" in a statement dated May 7, 1990. R. at 213. He filed a "Statement in Support of Claim," dated June 28, 1990. In that statement, the veteran contended that his initial OTH discharge was improper and that he should have initially received a medical discharge with a disability rating due to psychiatric problems. R. at 218. In support of this contention, the veteran submitted a number of documents. Among those was a "Memorandum of Consideration," dated February 22, 1989, from the Department of the Army (DA) Board for Correction of Military Records. R. at 221–23. While this "memorandum" appears to have been preliminary in nature, it did make the following "finding":

> The mental status evaluation was conducted by a person who could not be identified as an [sic] qualified officer. The Board determined that this lack of identification *casts a cloud over the propriety of the separation. It determined that the mental status was not conducted in accordance [with] regulations as recorded in AR 635–200.*

*Id.* at 222 (emphasis added). Nonetheless, that claim was denied in a rating decision, dated July 18, 1990. R. at 225–26. The veteran filed a Notice of Disagreement (NOD) on July 26, 1990. R. at 228. While his NOD was terse in nature, the veteran again raised the contention that he had received his initial OTH discharge improperly, and that he should have been discharged for medical reasons. *Id.*

A Statement of the Case was issued on August 29, 1990. R. at 230–34. The veteran submitted a statement from his accredited representative, dated October 12, 1990. R. at 235. He also made an informal hearing presentation on January 8, 1991. R. at 244–45. In both instances, the veteran appealed only the issue of new and material evidence with regard to service connection for a nervous condition. The veteran did not repeat his contention that he should have been granted a medical discharge.

The BVA issued its decision in May 1991. *Danny G. King,* BVA 91–16651 (May 13, 1991). The BVA reviewed the appeal on the issue of whether new and material evidence had been submitted. New and material evidence would give rise to a new factual basis warranting service connection for a chronic acquired psychiatric disability. *Id.* at 1. The evidence considered included: (1) the medical statements from Dr. Cone; (2) VA medical records from December 1987, February 1988, and October 1988; and (3) private hospitalization records from March 1989. *Id.* at 2–3. The BVA concluded that the evidence submitted since the 1984 decision was new and material. *Id.* at 5. However, the BVA also concluded:

> The recently submitted Department of Veterans Affairs medical records are not at all favorable to the veteran's claim. They reflect treatment and evaluation primarily for continuous alcohol dependence, continuous drug dependence, and a personality disorder. The records provide no indication of a chronic acquired psychiatric disorder attributable to the veteran's active service. Accordingly, the additional evidence does not provide a new factual basis to warrant a grant of service connection for a chronic acquired psychiatric disorder, to include post-traumatic stress disorder. The Board has weighed the evidence in this case and we find that the balance of the evidence weighs more strongly against a grant of service connection, and is not so evenly divided as to permit the Board to resolve the benefit of the doubt in favor of the veteran.

*Id.* at 5. The BVA denied service connection for a chronic acquired psychiatric dis-

order, to include PTSD. *Id.* at 6. The veteran filed a timely appeal to this Court.

## II. ANALYSIS

The Court has held that the determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C.A. § 5108 (West 1991) is a question of law which this Court reviews de novo. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). This Court has also established a two-part analysis and has held that the BVA must utilize this test when a veteran, as in this case, seeks to reopen a claim based upon "new and material" evidence.

First, the BVA must determine whether the evidence is "new and material."

38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991) (citation omitted). The Court concludes that the BVA did correctly determine that the additional evidence submitted since the original August 1984 decision was new and material. Therefore, the BVA correctly applied step one of the *Manio* test.

Having established that the additional evidence submitted since the 1984 BVA decision is new and material, the case must now be reopened, and the claim must be examined in light of all the evidence, both old and new. Like the BVA, this Court concludes that much of the evidence of record, including the VA medical records, private medical records, and medical statements from Dr. Cone reinforces the diagnosis that the veteran suffers from drug and alcohol abuse and/or a personality disorder. Alcohol abuse and drug abuse, unless they are a "secondary result" of an "organic disease or disability," are considered to be "willful misconduct." *See* 38 C.F.R. §§ 3.301(c)(2), 3.301(c)(3) (1992). "Disability pension is not payable for any condition due to the veteran's own willful misconduct." 38 C.F.R. § 3.301(b) (1992).

Our review of this case, however, does not end here. As the Court has often said, the VA has a long standing "duty to assist" the veteran. 38 U.S.C.A. § 5107(a) (West 1991); *see also Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1991). This duty arises out of the long tradition of *ex parte* proceedings and legacy of paternalism of the VA in its dealing with veterans. *Connolly v. Derwinski,* 1 Vet.App. 566, 569 (1991). The duty to assist is now codified and adopted as part of the VA's own regulations. 38 C.F.R. §§ 3.103(a), 3.159 (1992). More specifically, once a veteran has raised a well-grounded claim, the VA has a statutory duty "to assist such a claimant in developing facts pertinent to a claim." 38 U.S.C.A. § 5107(a); *see also Proscelle v. Derwinski,* 2 Vet.App. 629, 632 (1992); *Masors v. Derwinski,* 2 Vet.App. 181, 186 (1992); *Littke v. Derwinski,* 1 Vet.App. 90, 91 (1990). The initial requirement is that the claim be well grounded. *Proscelle,* 2 Vet.App. at 632; *Moore v. Derwinski,* 1 Vet.App. 401, 405 (1991); *Murphy,* 1 Vet. App. at 81.

Here, the veteran had a well-grounded claim, yet the VA did not assist the veteran in developing all the facts pertinent to that claim. Specifically, among the new and material evidence of record submitted since the August 1984 BVA decision is the "Memorandum of Consideration" from the DA's Board for Correction of Military Records. This memorandum appears to reach the preliminary conclusion that the mental status evaluation, prior to the veteran's discharge, was not conducted in accordance with Army regulations. More than once during this appeal process, the veteran had contended that he should have received a *medical* discharge, based on in-service psychiatric conditions. A discharge under these conditions would support appellant's claim for service connection for his current psychiatric conditions. The recent BVA decision, however, did not list this memorandum in its "EVIDENCE" section as evidence that it considered in its decision. *King,* BVA 91–16651, at 2–3. Nor did it mention the memorandum in its "DISCUSSION AND EVALUATION" section. *Id.* at 4–5. While it does appear that the memorandum is preliminary in nature,

more assistance should have been offered in an effort to determine whether the Board of Corrections made a final decision on the issue of a medical discharge.

The Court holds that the record before the BVA was inadequate for a determination of service connection for the veteran's current psychiatric disabilities. "Where the record is inadequate for the purpose of fairly deciding the veteran's claim, VA's statutory duty to assist requires it to help a claimant develop the facts pertinent to his or her claim prior to deciding it." *Proscelle*, 2 Vet.App. at 632. The Court therefore remands the case to the BVA so that it may more adequately develop the evidence.

### III. CONCLUSION

For reasons stated above, the Secretary's motion for summary affirmance is DENIED and the May 13, 1991, BVA decision is VACATED and REMANDED for readjudication consistent with this opinion.