5 F.3d 1506
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ernesto A. HERRERA, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 93-7007.
 United States Court of Appeals, Federal Circuit.
 Aug. 20, 1993.
 
 Before NEWMAN, ARCHER, and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Ernesto A. Herrera seeks review of an August 21, 1992 order of the United States Court of Veterans Appeals (CVA), which denied review of a June 29, 1992 memorandum decision (Vet.App. No. 90-197). The memorandum decision affirmed a December 28, 1989, decision of the Board of Veteran's Appeals (No. 89-23 338), which denied service connection for residuals of lightning shock. We dismiss the petition for lack of jurisdiction.
 
 DISCUSSION
 
 2
 This court possesses jurisdiction to review a decision of the CVA "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. Sec. 7292(a). In the instant case, we are not required to interpret any statute or regulation. Although Herrera contends that the CVA failed to decide the issue of whether as a matter of law the VA must provide assistance to a veteran filing a claim, the rules of the VA and the precedent of the CVA already require this assistance.[1] See 38 C.F.R. Sec. 3.103(a); Littke v. Derwinski, 1 Vet.App. 90, 92-93 (1990). The CVA is presumed to follow its own precedent requiring assistance to the veteran so that the issue before it was the factual one of whether the VA provided this assistance to Herrera. Because this court does not have jurisdiction to review factual issues, we dismiss the appeal. See Livingston v. Derwinski, 959 F.2d 224, 225 (Fed.Cir.1992).
 
 
 
 [1]
 Congress enacted the duty to assist into law effective September 1, 1989. See 38 U.S.C. Sec. 5107(a)