Citation Nr: 1008509 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-18 544 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, 
California

THE ISSUES

1. Entitlement to service connection for scar, facial, right 
eye socket.

2. Entitlement to service connection for left lower leg, 
calf, nerve, and muscle.

REPRESENTATION

Appellant represented by: California Department of 
Veterans Affairs

ATTORNEY FOR THE BOARD

Timothy S. Hoseth, Associate Counsel

INTRODUCTION

The Veteran had periods of recognized Merchant Marine service 
from May 1943 to June 1945. The Veteran subsequently served 
on active duty from September 1950 to August 1952.

This matter comes before the Board of Veterans' Appeals 
(Board) on appeal from an August 2007 rating decision by a 
Regional Office (RO) of the Department of Veterans Affairs 
(VA). A notice of disagreement was received in November 
2006, a statement of the case was issued in May 2008, and a 
substantive appeal was received in June 2008.

The Board notes that, following a September 2006 rating 
decision that denied service connection for disabilities 
involving the right eye socket and left lower leg, the 
Veteran submitted a written statement, received by VA in 
November2006, wherein he indicated that he was filing a clear 
and mistakable error (CUE) claim with respect to the 
September 2006 rating decision. The RO accepted the 
Veteran's statement as a request for reconsideration of the 
previous rating decision, as he specifically identified 
evidence that had not been considered. As such, the RO 
reconsidered the Veteran's claim and issued the August 2007 
rating decision confirming its previous decision. The 
Veteran has not subsequently indicated that he wants to 
continue with a CUE claim with respect to the September 2006 
rating decision. Instead, the Veteran appealed the August 
2007 rating decision that is the basis of this appeal. As 
such, the Board finds the Veteran has not been prejudiced by 
the RO's reconsideration of his service connection claims and 
a CUE claim is not currently before the Board. 

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the 
appellant if further action is required.

REMAND

The Veteran is seeking entitlement to service connection for 
facial scars around his right eye socket and a left lower 
leg/calf disability. Briefly, the Veteran contends that he 
was injured on October 17, 1944 when the life boat he was on 
fell approximately four stories.

Regrettably, the record as it stands is currently inadequate 
for the purpose of rendering a fully informed decision. 
Where the record before the Board is inadequate to render a 
fully informed decision, a remand to the AMC/RO is required 
in order to fulfill its statutory duty to assist the Veteran 
to develop the facts pertinent to the claim. Littke v. 
Derwinski, 1 Vet. App. 90, 92-93 (1990). The Board finds 
that additional development is necessary prior to final 
appellate review.

Central to this case is the question of the verification of 
the Veteran's dates of active service. The Veteran's DD Form 
214 shows Merchant Marine service under the jurisdiction of 
the Coast Guard from May 21, 1943 to October 7, 1943; 
December 1, 1943 to May 26, 1944; and February 21, 1945 to 
June 21, 1945. However, the Veteran contends that he also 
had Merchant Marine service from July 27, 1944 to October 31, 
1944. In support of this contention, the Veteran submitted a 
Vessel Service History (received by VA in August 2007) which 
documents that the Veteran was employed by the U.S. Army 
Transport Service from July 27, 1944 to October 31, 1944, and 
was aboard the vessel Yarmouth. Additionally, the Veteran 
submitted a War Department Civilian Marine Personnel 
Transportation Identification Card (received by VA in October 
2007) which states that the card was issued by the 
Transportation Corps, U.S. Army. Given this evidence, the 
Board finds that the Veteran's dates of active service are 
not entirely clear from the record. It is imperative that 
the Board knows the Veteran's exact dates of all service. 
This information is required so that a factual determination 
can be made as to whether any of the Veteran's claimed 
disabilities were incurred in a period of service for which 
compensation is available. Thus, a remand for determining 
the Veteran's dates of active service is required.

Additionally, the Board finds that the record is unclear as 
to whether all the Veteran's service treatment records 
pertaining to his Merchant Marine service have been 
requested. In this regard, a document in the claims file 
states that the Veteran did not allege any treatment at PHS 
(Public Health Service), and no service medical records were 
available for his Merchant Marine service. However, the 
Board notes that the VA Adjudication Procedure Manual, M21-
1MR, Part III, Subpart iii, Chapter 2, Section F provides 
guidance on requesting Merchant Marine service records. In 
this regard, the Manual states that service treatment records 
for Merchant Marine service under the jurisdiction of the 
Army are located at the National Personnel Records Center 
(NPRC), Civilian Personnel Records. Since the Veteran's War 
Department Civilian Marine Personnel Transportation 
Identification Card, which contains his Z number, was issued 
by the Transportation Corps, U.S. Army, the Board believes 
that it is appropriate to request the Veteran's service 
treatment records for Merchant Marine service under the 
jurisdiction of the Army. See Subpart iii, Chapter 2, 
Section F.47. 

Furthermore, the Veteran, as well as one of his fellow 
service members, contends that he was injured on October 17, 
1944 while aboard the Yarmouth. Therefore, further efforts 
should be undertaken to ensure that any missing service 
treatment records have been requested and obtained. See 
38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c) (2009); see also 
Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. 
Derwinski, 2 Vet. App. 611, 612-13 (1992). 

Finally, in light of the need to return the case for 
additional development, the Board believes it appropriate to 
provide the Veteran with another opportunity to authorize VA 
to obtain any pertinent private treatment records. In this 
regard, the Board notes that a VA treatment record, dated 
August 5, 2005, states that the Veteran was seen by a private 
practitioner, Dr. Noble. Thus, it appears that the Veteran 
received private medical treatment, but the associated 
treatment records are not in the claims file. Nevertheless, 
the Veteran is reminded that he has an obligation to 
cooperate fully with VA's efforts to obtain private medical 
records, including providing enough information to identify 
and locate the existing records. See 38 C.F.R. § 3.159. 
While VA has a duty to assist the Veteran in the development 
of his claim, the Veteran has a duty to cooperate with VA. 
See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991).

Accordingly, the case is REMANDED for the following action:

1. The AMC/RO should contact the Veteran 
and again request that he identify any 
relevant post-service private medical 
treatment (including the names, locations, 
and approximate dates). With any 
necessary authorization from the Veteran, 
the AMC/RO should take appropriate action 
to obtain and associate with the claims 
file any private medical records 
identified by the Veteran.

2. The AMC/RO should take appropriate 
action to verify all of the Veteran's 
dates of active military service, 
including Merchant Marine service under 
the jurisdiction of the Army. The 
Veteran's Z number, as documented on his 
War Department Civilian Marine Personnel 
Transportation Identification Card, should 
be supplied when requesting his dates of 
Merchant Marine service under the 
jurisdiction of the Army. The Board is 
particularly interested in determining 
whether the Veteran had active military 
service during the period from July 27, 
1944 to October 31, 1944.

3. The AMC/RO should take appropriate 
action to obtain all of the Veteran's 
service treatment records that are not 
currently incorporated into the claims 
file. The Board is particularly 
interested in service treatment records 
for Merchant Marine service under the 
jurisdiction of the Army. The Veteran's Z 
number, as documented on his War 
Department Civilian Marine Personnel 
Transportation Identification Card, should 
be supplied when requesting his Merchant 
Marine service records. If additional 
records are not available, or the search 
for any such records otherwise yields 
negative results, that fact should be 
clearly documented in the claims file.

4. After completion of the above and any 
further development deemed necessary by 
the AMC/RO, the issues on appeal should be 
readjudicated. If the benefits sought are 
not granted, the Veteran and his 
representative should be furnished an 
appropriate supplemental statement of the 
case and be afforded an opportunity to 
respond. Thereafter, the case should be 
returned to the Board for further 
appellate review.

The appellant has the right to submit additional evidence and 
argument on the matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals 
for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. 
See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2009).

_________________________________________________
A.J. TURNIPSEED
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2009).