Citation Nr: 1542406 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 04-11 883 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an extraschedular evaluation for service-connected alopecia areata, currently rated as 50 percent disabling.

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).

(The issue of entitlement to service connection for a psychiatric disorder, to include as secondary to service-connected alopecia areata, is the subject of a separate decision.)



REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, Attorney at Law



WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

W. Yates, Counsel


INTRODUCTION

The Veteran had active service from October 1966 to February 1967. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of a July 2002 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

The Veteran and his spouse testified before the undersigned at a videoconference hearing in September 2006. A transcript of the hearing is of record.

In November 2006 and September 2007, the Board remanded the case to the RO for further development. 

In a May 2008 decision, the Board denied the claim of a disability rating in excess of 50 percent for alopecia areata. The Veteran then appealed to the United States Court of Appeals for Veterans Claims (Court). In an August 2010 Memorandum Decision, the Court vacated the Board's May 2008 decision and remanded the issue to the Board.

In a March 2013 decision, the Board denied the Veteran's claim of entitlement to a disability evaluation in excess of 50 percent for service-connected alopecia areata and remanded the matter presently on appeal to the RO for referral to the Under Secretary for Benefits or the Director, Compensation and Pension (C&P) Service, for consideration of an evaluation in excess of 50 percent for alopecia areata on an extraschedular basis.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran is seeking an extraschedular evaluation for service-connected alopecia areata, currently rated as 50 percent disabling; and entitlement to TDIU.

In a separate decision, the Board has granted service connection for a psychiatric disorder. This represents a material change to the facts relating to the issue of entitlement to TDIU benefits. See 38 C.F.R. § 19.31 (2014). Accordingly, remand is required for RO reconsideration of the issues of entitlement to an extraschedular evaluation for service-connected alopecia areata and entitlement to TDIU.

Based on a cumulative review of the record, the Board also finds that the evidence of record contains insufficient information to make an adequate determination as to whether the Veteran's service-connected disabilities, alone or in aggregate, prevent him from obtaining and retaining substantially gainful employment. As such, the Board finds that a remand is warranted in order to afford the Veteran a VA examination. Littke v. Derwinski, 1 Vet. App. 90, 93 (1990) (holding that a remand may be required if the record before the Board contains insufficient medical information for evaluation purposes).

Evidence of record further reflects that the Veteran received VA medical treatment for his service-connected disabilities from Miami VAMC. As evidence of record only includes treatment records dated up to November 2014 from that facility, all pertinent VA treatment records should be obtained and properly associated with the record. See 38 U.S.C.A. § 5103A(c); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (finding that VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

As evidence concerning the Veteran's employability is incomplete, the Board finds the issue concerning an extraschedular evaluation for service-connected alopecia areata to be intertwined with the TDIU issue being developed herein. Brambley v. Principi, 17 Vet.App. 20, 24 (2003)

Accordingly, the case is REMANDED for the following actions:

1. The RO must contact the Veteran and afford him the opportunity to identify or submit any additional pertinent evidence in support of his claims of entitlement to extraschedular evaluation for service-connected alopecia areata, and entitlement to TDIU. Regardless of his response, the RO must obtain all outstanding records relevant to the claim being remanded, to include VA treatment records from Miami VAMC from November 2014 to the present. 

All attempts to secure this evidence must be documented in the record by the RO. When requesting records not in the custody of a Federal department or agency, such as private treatment records, the RO must make an initial request for the records and at least one follow-up request if the records are not received or a response that records do not exist is not received. If the RO is unable to secure any of the identified records, the RO must notify the Veteran and his attorney and (a) identify the information the RO is unable to obtain; (b) briefly explain the efforts that the RO made to obtain that information; (c) describe any further action to be taken by the RO with respect to the claim; and (d) that the Veteran is ultimately responsible for providing information. The Veteran and his attorney must then be given an opportunity to respond.

2. Thereafter, a VA medical examination must be obtained to determine whether the functional effects of the Veteran's service-connected disabilities, alone or acting in concert, preclude him from securing and following substantially gainful employment, consistent with his education and occupational expertise. The electronic claims file must be made available to the examiner, and the examiner must specify in the report that the electronic record has been reviewed. The examiner must also elicit from the Veteran and record for clinical purposes a full work and educational history. 

Based on the clinical examination, a review of the evidence of record, and with consideration of the Veteran's statements, the examiner must provide an opinion as to whether the functional effects of the Veteran's service-connected disorders, acting alone or in concert, prevented him from obtaining or retaining employment consistent with his education and occupational experience due to his service-connected disabilities, irrespective of his age and any nonservice-connected disorders. At present, service connection is in effect for alopecia areata; xerosis of both legs as well as actinic keratosis of arms, neck, face, and chest; and a psychiatric disorder. 

The VA examiner must address the extent of functional and industrial impairment due to the Veteran's service-connected disabilities. The examiner must furnish a full description of the effects of the service-connected disabilities upon the Veteran's ordinary activities, which include employment. 38 C.F.R. § 4.10 (2015). This description may include an opinion on such questions as whether the Veteran's service-connected disorders preclude standing for extended periods, lifting more than a certain weight, sitting for eight hours a day, performing other specific tasks, etc. 

A complete rationale for all opinions must be provided. If the examiner cannot provide a requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. Additionally, the examiner must indicate whether any opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner. 

3. The RO must notify the Veteran that it is his responsibility to report for all scheduled examinations, and to cooperate in the development of his claims. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2015). In the event that the Veteran does not report for a scheduled examination, documentation must be obtained and associated with the Veteran's record that shows that notice scheduling the examination was sent to his last known address. Documentation must be also be obtained and associated with the Veteran's record demonstrating any notice that was sent was returned as undeliverable.

4. Once the above actions have been completed, and any other development as may be indicated by any response received as a consequence of the actions taken above, the RO must re-adjudicate the Veteran's claims on appeal. If any benefit remains denied, a supplemental statement of the case must be provided to the Veteran and his attorney. After they have had an adequate opportunity to respond, the appeal must be returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
WILLIAM YATES
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).