Citation Nr: 1008489 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-08 682 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. 
Petersburg, Florida


THE ISSUES

1. Entitlement to an increased disability rating for 
headaches, currently evaluated 10 percent disabling.

2. Entitlement to an increased disability rating for 
service-connected optic neuritis of the left eye, currently 
evaluated 10 percent disabling.

3. Entitlement to an increased (compensable) initial 
disability rating for a service-connected facial scar.

4. Entitlement to service connection for a right leg 
disability.

5. Entitlement to service connection for a back disability.

6. Entitlement to service connection for restless leg 
syndrome.

7. Entitlement to service connection for an acquired 
psychiatric disorder, claimed as memory loss.

8. Entitlement to service connection for a cervical spine 
disability.

9. Entitlement to service connection for nosebleeds 
(epistaxis).

10. Entitlement to service connection for scars of the right 
leg.


REPRESENTATION

Veteran represented by: Florida Department of Veterans 
Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Arif Syed, Law Clerk


INTRODUCTION

The Veteran served on active duty in the United States Air 
Force from April 1957 to November 1960. 

This case comes before the Board of Veterans' Appeals (Board) 
on appeal of June 2007 and July 2007 rating decisions of the 
Department of Veterans Affairs (VA) Regional Office (RO) in 
St. Petersburg, Florida. 




Procedural history

In the June 2007 rating decision, the RO granted the 
Veteran's claims of entitlement to service connection for 
headaches and optic neuritis of the left eye, and assigned 10 
percent disability ratings as to each claim, effective 
January 8, 2007. Additionally, the RO denied the Veteran's 
claims of entitlement to service connection for a right leg 
disability, a back disability, restless leg syndrome, 
nosebleeds, and a cervical spine disability. 

In the July 2007 rating decision, the RO granted the 
Veteran's claim of entitlement to service connection for a 
facial scar, and assigned a noncompensable [zero percent] 
disability rating. The RO also denied the Veteran's claim of 
entitlement to service connection for a mood disorder, 
claimed as memory loss. 

In August 2007, the RO received the Veteran's notice of 
disagreement (NOD) as to the above-referenced disability 
ratings assigned as well as the claims which were denied in 
the June 2007 and July 2007 rating decisions. In January 
2008, a RO decision review officer (DRO) conducted a de novo 
review of the claims and confirmed the RO's findings in a 
Statement of the Case (SOC). The Veteran's appeal was 
perfected by the timely filing of a substantive appeal (VA 
Form 9) in February 2008. 

In March 2009, the Veteran presented sworn testimony at a 
personal hearing in St. Petersburg, Florida which was chaired 
by the undersigned Veterans Law Judge. 
A transcript of the hearing has been associated with the 
Veteran's VA claims folder. 

The claim for scars of the right leg

In January 2007, the Veteran filed a claim of entitlement to 
service connection for scars of the right leg. The June 2007 
rating decision denied this claim. 

In the above-referenced August 2007 NOD, the Veteran 
expressed his disagreement with that decision. A SOC 
pertaining to that issue has yet to be issued by the RO.

In Manlincon v. West, 12 Vet. App. 238 (1999), the United 
States Court of Appeals for Veterans Claims (the Court) held 
that where a NOD is filed but a SOC has not been issued, the 
Board must remand the claim to the agency of original 
jurisdiction so that a SOC may be issued.

Clarification of issue

The Board observes that the Veteran has been diagnosed with 
major depression, adjustment disorder, and anxiety in 
addition to a mood disorder. See private mental health 
evaluation reports dated April 1998 and May 1998; see also 
the June 2007 VA examination report. 

The United States Court of Appeals for Veterans Claims 
(Court) has recently determined that when a claimant makes a 
claim of entitlement to service connection for a psychiatric 
disability, (s)he is seeking service connection any acquired 
psychiatric disability regardless of how those symptoms are 
labeled. 
See Clemons v. Shinseki, 23 Vet. App. 1 (2009). The Board is 
therefore redenominating the issue on appeal as entitlement 
to service connection for an acquired psychiatric disorder, 
as instructed by the Court in Clemons.

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the Veteran 
if further action is required.


REMAND

After having carefully considered the matter, and for reasons 
expressed immediately below, the Board finds that these 
claims must be remanded for further evidentiary development.




Entitlement to increased disability ratings for headaches, 
optic neuritis of the left eye, and facial scar

Because the claims of entitlement to increased disability 
ratings for service-connected headaches and optic neuritis of 
the left eye as well as entitlement to an increased 
(compensable) initial disability rating for a service-
connected facial scar involve the application of identical 
law to similar facts, for the sake of economy, the Board will 
address them together.

The Veteran was last afforded a VA examination in June 2007 
as to his service-connected headaches, optic neuritis of the 
left eye, and facial scar. The Veteran essentially contends 
that his service-connected disabilities have since increased 
in severity. See, e.g., the Veteran's statement dated March 
2009. 

With respect to the Veteran's service-connected headaches, 
the Veteran asserts that he experiences headaches more 
frequently since the June 2007 VA examination which cause 
dizziness, nausea, and photophobia. The Veteran also 
reported that he is incapable of driving when he experiences 
these headaches. Finally, the Veteran reported that he is 
currently taking medication for the service-connected 
headaches. See the March 2009 hearing transcript, page 8.

With regard to the Veteran's service-connected optic neuritis 
of the left eye, the Veteran reported at the March 2009 
hearing that he experiences double vision and has blind 
spots. Id. at page 12. Moreover, the Veteran reported in a 
March 2009 statement that he has had the prescription for his 
eyeglasses changed "at least four times" in the past year 
due to decreased vision in his left eye. 

With respect to the Veteran's facial scar, he reported in the 
March 2009 statement as well as his August 2007 NOD that the 
facial scar periodically has sores, and when he scratches the 
sores, they "bleed freely." The June 2007 VA examination 
report is pertinently absent any indication of sores on the 
Veteran's facial scar. 


Accordingly, the Board finds that contemporaneous VA medical 
examinations are warranted. See Littke v. Derwinski, 1 Vet. 
App. 90, 92 (1990) [VA's duty to assist includes the conduct 
of a contemporaneous medical examination, in particular where 
it is contended that a service-connected disability has 
become worse]; see also Snuffer v. Gober, 10 Vet. App. 400 
(1997) [a veteran is entitled to a new VA examination where 
there is evidence that the condition has worsened since the 
last examination].

Entitlement to service connection for a right leg disability, 
a back disability, restless leg syndrome, an acquired 
psychiatric disorder, a cervical spine disability, and 
nosebleeds (epistaxis)

Because the claims of entitlement to service connection for a 
right leg disability, a back disability, restless leg 
syndrome, an acquired psychiatric disorder, cervical spine 
disability, and nosebleeds involve the application of 
identical law to similar facts, for the sake of economy, the 
Board will address them together.

In general, in order to establish service connection for the 
claimed disability, there must be (1) medical evidence of a 
current disability; (2) medical, or in certain circumstances, 
lay evidence of in-service incurrence or aggravation of a 
disease or injury; and (3) medical evidence of a nexus 
between the claimed in-service disease or injury and the 
current disability. See Hickson v. West, 12 Vet. App. 247, 
253 (1999).

As to element (1), current disability, the June 2007 VA 
examination report indicates diagnoses of lumbar disease, 
status post multiple surgeries, cervical spine strain, 
restless leg syndrome, a right leg disability, mood disorder, 
anxiety, and epistaxis (nosebleeds). Accordingly, Hickson 
element (1) is met as to all of these claims.

With respect to Hickson element (2), evidence of an in-
service incurrence of a disease or injury, the Veteran's 
service treatment records indicate that he was involved in a 
motor vehicle accident in December 1959 and was treated in 
Crouse-Irving Hospital in New York. A December 1959 hospital 
treatment record from Crouse Irving Hospital indicates that 
the Veteran sustained post-traumatic amnesia, neck stiffness, 
and "a doubtful right plantar extensor response" was 
reported as a result of the motor vehicle accident.
 
The Veteran has stated that after he was discharged from 
Crouse Irving Hospital, he was transferred to Wright-
Patterson Air Force Base in Ohio. See, e.g., the Veteran's 
VA Form 9 dated February 2008. Indeed, the Veteran's service 
treatment records show treatment at Wright-Patterson Air 
Force Base from March 1960 to November 1960, indicating 
extensive treatment. However, the only available record from 
Wright-Patterson Air Force Base is the Veteran's discharge 
form. Accordingly, these treatment records, if available, 
should be located and associated with the Veteran's claims 
folder.

With respect to the Veteran's nosebleeds, his service 
treatment records indicate treatment in September 1959 and 
October 1959 for recurring nosebleeds over a two-year period. 
He was given an ice pack and gauze for treatment. 
Accordingly, Hickson element (2) is arguably met as to in-
service nosebleeds. 

With regard to Hickson element (3), medical nexus, the only 
medical records currently associated with the Veteran's VA 
claims folder which offer an opinion as to a possible causal 
relationship between the Veteran's claimed disabilities and 
his military service is the June 2007 VA examination report. 
The VA examiner reported that "the [Veteran's] lumbar disc 
disease, myoclonic jerks/restless leg syndrome, and right leg 
condition are not related to events that occurred in military 
service as there are no records of the [Veteran] having 
injuries in military records." The VA examiner also 
reported that "[t]he [Veteran's] cervical spine strain is 
less likely than not related to events that occurred in 
military service as military service records do not indicate 
chronicity." As such, it appears that the VA examiner's 
rationale for his opinion was based on the absence of an in-
service back disability, restless leg syndrome, right leg 
disability, and cervical spine disability. However, service 
connection can be established for disabilities first 
diagnosed after service, if found to be related to an in-
service injury, such as the motor vehicle accident here.


The Board notes that a VA psychiatrist opined as to the 
relationship between the Veteran's claimed psychiatric 
disabilities and his military service. The VA psychiatrist 
specifically reported that "[a]nxiety and depression is less 
likely as not (less than 50/50 probability) caused by or a 
result of [motor vehicle accident] sustained while in the 
military." Her rationale was based on the Veteran's long-
standing alcohol dependence, although she reported that 
"[i]t is unclear if the [motor vehicle accident] affecting 
his symptoms." However, she clearly stated that she did not 
have the claims file to review. 

Regarding the Veteran's nosebleeds, the competent medical 
evidence of record does not clearly indicate whether the 
Veteran's nosebleeds are related to his military service. 
Indeed, the June 2007 VA examiner reported that "I am unable 
to attribute the [Veteran's] recurrent epistaxis to events 
that occurred in military service without speculating." 

This case presents certain medical questions which cannot be 
answered by the Board. See Colvin v. Derwinski, 1 Vet. App. 
171, 175 (1991) (the Board is prohibited from exercising its 
own independent judgment to resolve medical questions). 
Medical nexus opinions must be obtained which address the 
nature of the Veteran's disabilities and whether such are 
related to his military service. See Charles v. Principi, 16 
Vet. App. 370 (2002); see also 38 C.F.R. § 3.159(c)(4) 
(2009) [a medical examination or opinion is necessary if the 
information and evidence of record does not contain 
sufficient competent medical evidence to decide the claim].

Entitlement to service connection for scars of the right leg

As was described in the Introduction above, in June 2007 the 
RO denied the Veteran's claim of entitlement to service 
connection for scars of the right leg. The Veteran has since 
expressed disagreement with that decision. See the Veteran's 
NOD dated August 2007.

In Manlincon, supra, the Court held that where a NOD is filed 
but a SOC has not been issued, the Board must remand the 
claim to the agency of original jurisdiction so that a SOC 
may be issued. Thus, the agency of original jurisdiction 
must issue a SOC as to the Veteran's claim of entitlement to 
service connection for scars of the right leg.

Accordingly, the case is REMANDED for the following action:

1. VBA should obtain the Veteran's 
treatment records from the VA medical 
facilities in Bay Pines, Fort Myers, 
and Sebring, for any treatment received 
since May 2007.

2. After obtaining the Veteran's VA 
treatment records, VBA should then 
schedule him for examinations in order 
to determine the current severity of 
the service-connected headaches, optic 
neuritis of the left eye, and facial 
scar. The Veteran's VA claims folder 
should be forwarded to the examiners 
for review in connection with the 
examinations. The reports of the 
examinations should be associated with 
the Veteran's VA claims folder.

3. VBA should request through appropriate 
channels medical treatment reports for 
the Veteran from the Wright-Patterson 
Air Force Base for the period from 
March 11, 1960 to November 25, 1960. 
The medical records obtained, if any, 
should be associated with the claims 
folder.

4. After the above in-service treatment 
records are obtained, if any, and 
associated with the claims folder, VBA 
should arrange for a physician with 
appropriate expertise to review the 
Veteran's VA claims folder and provide 
opinions, with supporting rationale, as 
to the following:

a. Whether it is at least as likely 
as not that the Veteran's back 
disability is related to his 
December 1959 motor vehicle injury 
or to any other incident of 
service. 

b. Whether it is at least as likely 
as not that the Veteran's restless 
leg syndrome disability is related 
to his December 1959 motor vehicle 
injury or to any other incident of 
service.

c. Whether it is at least as likely 
as not that the Veteran's cervical 
spine disability is related to his 
December 1959 motor vehicle injury 
or to any other incident of 
service.

d. Whether it is at least as likely 
as not that the Veteran's right 
leg disability is related to his 
December 1959 motor vehicle injury 
or to any other incident of 
service.

e. Whether it is at least as likely 
as not that the Veteran's 
nosebleeds (epistaxis) disability 
is related to his military 
service.

Additionally, VBA should arrange for a 
psychiatrist or psychologist with 
appropriate expertise to review the 
Veteran's VA claims folder and provide 
an opinion, with supporting rationale, 
as to as to what is (are) the most 
likely psychiatric diagnosis(es); and 
whether it is at least as likely as not 
that any diagnosed psychiatric 
disability is related to the Veteran's 
period of military service, in 
particular his December 1959 motor 
vehicle accident. 

If the reviewers believe that 
examination of the Veteran is 
necessary, such should be scheduled. A 
report of all medical opinions rendered 
should be prepared and associated with 
the Veteran's VA claims folder.

5. After undertaking any additional 
development which it deems to be 
necessary, VBA should then readjudicate 
the Veteran's claims. If the benefits 
sought on appeal remain denied, the 
Veteran and his representative should 
be provided a supplemental statement of 
the case (SSOC) and given an 
appropriate opportunity to respond. 
Thereafter, the case should be returned 
to the Board for further consideration, 
if otherwise in order. 

6. VBA should issue a SOC pertaining to 
the issue of entitlement to service 
connection for scars of the right leg. 
In connection therewith, the Veteran 
and his representative should be 
provided with appropriate notice of his 
appellate rights.

The Veteran has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court 


of Appeals for Veterans Claims for additional development or 
other appropriate action must be handled in an expeditious 
manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2009).



_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2009).