Citation Nr: 1504670 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 09-36 000 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Entitlement to service connection for erectile dysfunction (ED), including as secondary to posttraumatic stress disorder (PTSD).

2. Entitlement to a disability rating in excess of 30 percent for bilateral hearing loss from December 11, 2012.

3. Entitlement to an extraschedular evaluation for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

M. Caylor, Associate Counsel


INTRODUCTION

The Veteran had active military service from July 1965 to May 1967.

This matter comes to the Board of Veterans' Appeals (Board) from February 2007 and October 2007 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois.

The Veteran testified before the undersigned via videoconference in August 2011. In a May 2012 decision, the Board denied higher ratings for bilateral hearing loss and remanded the issue of service connection for ED. The Veteran appealed the matter of the higher ratings to the United States Court of Appeals for Veterans Claims (Court), and in a June 2013 order, the Court vacated the Board's decision and remanded the matter back to the Board. In March 2014, the Board remanded the appeals for service connection for ED and for a higher rating for bilateral hearing loss for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, a remand is again required to ensure the Veteran is given every consideration. 


A. Erectile dysfunction.

VA failed to substantially comply with Board remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998). While the record contains several opinions from VA examiners regarding the nature and etiology of the Veteran's ED, they are inadequate. They failed to address the Veteran's assertion that his in-service venereal disease and treatment therefor caused his ED. See October 2007 Notice of Disagreement; Robinson v. Peake, 21 F.3d 545, 553 (Fed. Cir. 2008) (holding that the Board must address all theories of entitlement raised by a claimant or reasonably raised by the record). The Board does not have the medical expertise to make that determination. See 38 C.F.R. § 19.9(a) (2014); Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (holding that the Board is not competent to substitute its own opinion for that of a medical expert); Littke v. Derwinski, 1 Vet. App. 90, 93 (1990) (holding that a remand is mandatory where the record is inadequate). 

Further, the January 2013 VA examiner did not appear to address the Veteran's assertions during his August 2011 videoconference hearing that his symptoms continued to worsen even while taking Viagra and Cialis, suggesting that the medications were not as effective in combination with Sertraline. See Transcript of Record pp. 5, 7, 9-11; Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301, 304 (2008); Layno v. Brown, 6 Vet. App. 465, 469-70 (1994) (holding that lay evidence is competent to establish features or symptoms of injury or illness). The Veteran's reports are relevant, as the examiner's rationale was based on part on the finding that the Veteran's condition had not worsened after having taken Sertraline. See January 2013 VA Addendum Opinion.

B. Bilateral hearing loss.

The April 2014 VA ear conditions examiner diagnosed the Veteran with Ménière's disease and indicated that its onset occurred in approximately 1966, during the Veteran's active military service. The April 2014 VA ear conditions examiner then stated that the Veteran's hearing impairment, tinnitus, and vertigo together constitute Ménière's disease and attributed his hearing impairment and tinnitus both to the Ménière's disease. If the AOJ grants the Veteran's raised claim for service connection for Ménière's disease, the Veteran may be entitled to a higher disability rating under Diagnostic Code 6205 for his hearing loss, ear pain, tinnitus, and dizziness. His appeal for a higher disability rating for bilateral hearing loss is therefore inextricably intertwined with the referred claim. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (issues are inextricably intertwined when a decision on one issue would have a "significant impact" on a claim for the second issue); 38 C.F.R. § 4.487 (2014), Diagnostic Code 6205.

Accordingly, the case is REMANDED for the following action:

1. Send the Veteran VCAA notice regarding entitlement to service connection for ED on a direct basis. 

2. Then, obtain any outstanding treatment records, including from VA, the Social Security Administration (SSA), Roseland Medical Center, Dr. Ashley, the Miracle-Ear Center, Dr. Graham, and Dr. Sangster dated since December 2011. While December 11, 2012, VA audiology treatment records were obtained, the actual audiogram mentioned is not currently of record; therefore, please also make efforts to obtain the December 11, 2012, audiometric puretone thresholds and any speech recognition testing metrics. Associate any efforts with the claims file. If no audiometric data is found from December 11, 2012, a memorandum of unavailability should be associated with the record. 

3. After any outstanding records are received, obtain an addendum opinion from the January 2013 VA examiner or, if unavailable, another appropriate examiner, regarding the nature and etiology of the Veteran's ED. Provide the examiner with the claims file, including a copy of this REMAND and any pertinent evidence in Virtual VA not already of record. The examiner should review the claims file and report any findings in detail. 

The examiner should provide an opinion, based on examination results and the record, regarding:

(a) whether it is at least as likely as not (a 50 percent or greater probability) that any current ED is etiologically related to an in-service injury, disease, or event, including treatment for venereal disease and exposure to herbicides;

(b) whether it is at least as likely as not (a 50 percent or greater probability) proximately due to or aggravated (i.e., permanently worsened beyond the natural progress of the disorder) by service-connected disability, including PTSD. 

The opinion must include the medical basis for any diagnoses and a complete medical rationale. If medical literature is used, please provide a citation.

Please consider the Veteran's statements regarding the onset and duration of his symptoms. See Transcript of Record pp. 5, 7, 9-11 (reporting continued worsening of symptoms since starting Sertraline, despite taking Viagra and Cialis). 

Please also consider medical evidence of treatment for genitourinary conditions. See September 1966 Service Treatment Records (STRs) (revealing treatment for urethritis); November 1966 STRs (revealing treatment for genital warts); February 1967 STRs (revealing treatment for genital warts); March 1967 STRs (revealing treatment for genital warts); September 1980 VA Dermatology Treatment Notes (reporting relief of symptoms for two years, but with recurrence); October 1981 VA Surgery Clinic (provisionally diagnosing prostatitis); October 1982 VA Treatment Records (appearing to assess syphilis).

4. Then, after undertaking any indicated development, adjudicate the issue of service connection for Ménière's disease. Appropriate notice of the determination and of the Veteran's appellate rights should be provided. The Veteran and his representative should be notified that additional action (e.g., notice of disagreement, statement of the case, and substantive appeal) is required for appellate review of any adverse decision. 

5. After the above has been accomplished readjudicate the issues of service connection for ED, and entitlement to a higher disability rating for bilateral hearing loss to include on an extraschedular basis. If the benefits sought on appeal are not granted to the Veteran's satisfaction, the Veteran and his representative should receive a Supplemental Statement of the Case and an opportunity to respond. If necessary, the case should then be returned to the Board for further appellate action. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).