Citation Nr: 1542421 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 07-38 038 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUES

1. Entitlement to an initial evaluation in excess of 20 percent for arthritis of the lumbar spine.
 
 2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Arif Syed, Counsel



INTRODUCTION

The Veteran had active military service from April 1981 to June 1986, August 1990 to July 1991, January 1992 to March 1993, and October 2001 to March 2006. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2006 rating decision by the Department of Veterans' Affairs (VA) Regional Office (RO) in Boston, Massachusetts. In pertinent part of the October 2006 decision, the RO granted the Veteran entitlement to service connection for arthritis of the lumbar spine with a 10 percent disability rating effective March 11, 2006. 

During the pendency of the appeal, a September 2007 Decision Review Officer (DRO) decision granted the Veteran an initial rating of 20 percent for his arthritis of the lumbar spine effective March 11, 2006. Inasmuch as a rating higher than 20 percent for the service-connected arthritis of the lumbar spine disability is available, and inasmuch as a claimant is presumed to be seeking the maximum available benefit for a given disability, the claim for a higher rating, as reflected on the title page, remains viable on appeal. See AB v. Brown, 6 Vet. App. 35, 38 (1993). 

The Veteran's appeal was remanded by the Board in September 2011 for evidentiary development. The Veteran's claims folder was subsequently returned to the Board, and in a May 2014 decision, the Board denied the Veteran's increased rating claim. The Board also remanded the Veteran's TDIU claim in the May 2014 decision which will be discussed in detail below. With respect to the denial of the increased rating claim, the Veteran appealed this denial to the Court of Appeals for Veterans Claims (Court). In June 2015, the Court issued a Memorandum Decision that set aside the May 2014 Board decision denying the increased rating claim and remanded the claim. The case has been returned to the Board for compliance with the directives contained in the June 2015 Memorandum Decision.

The Board observes that following the May 2014 decision, additional evidence was associated with the Veteran's claims folder. Although the Veteran has not provided a waiver of all of this evidence, as the Board is remanding his increased rating and TDIU claims, the Agency of Original Jurisdiction (AOJ) will have an opportunity to review this newly submitted evidence before readjudicating the claims. 

The Board has reviewed the record maintained in the Veteran's Virtual VA paperless claims processing system folder.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Court's June 2015 Memorandum Decision indicated that the Board failed to provide adequate reasons or bases when in denying the Veteran's claim of entitlement to an initial evaluation in excess of 20 percent for a lumbar spine disability, referral for an extraschedular rating was not warranted. In particular, the Memorandum Decision noted that in denying extraschedular referral, the Board did not offer anything in support of its statement identifying those findings that were important to its decision, nor did the Board account for the evidence, such as the Veteran's complaints of severe pain and difficulty ambulating, and whether this evidence was persuasive or unpersuasive. 

While the Board acknowledges the June 2015 Memorandum Decision, the Board also notes that the Veteran was last afforded a VA examination for his lumbar spine disability in October 2011. The Board further notes that a December 2014 VA treatment record documents the Veteran's complaints of low back pain with radiation to his left leg. Pertinently, the October 2011 VA examination report is absent complaints or findings of radiculopathy in the left lower extremity. The Board further finds the Veteran credible with regard to his report of pain in his left leg. Also, a statement from the Veteran dated September 2015 documents complaints of worsening back pain over the years to the point that he is no longer able to drive a car. Therefore, as record indicates a worsening of the Veteran's lumbar spine disability inasmuch as he now experiences radiating pain in his left lower extremity and is unable to drive a car, the Board finds that a contemporaneous VA examination is warranted to ascertain the current severity of the Veteran's lumbar spine disability. See Snuffer v. Gober, 10 Vet. App. 400 (1997) [a veteran is entitled to a new VA examination where there is evidence that the condition has worsened since the last examination]; see also Littke v. Derwinski, 1 Vet. App. 90, 92 (1990) [VA's duty to assist includes the conduct of a contemporaneous medical examination, in particular where it is contended that a service-connected disability has become worse]. The Board further notes that on remand, the AOJ should determine whether referral for extraschedular evaluation of the Veteran's lumbar spine disability is warranted.
 
With respect to the Veteran's TDIU claim, as indicated above, in May 2014, the Board remanded the Veteran's TDIU claim for further evidentiary development. In particular, because the evidence documented the Veteran's report that his lumbar spine disability rendered him unemployable, a claim of entitlement to TDIU was remanded to the AOJ for adjudication pursuant to Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). The Veteran was to also be provided appropriate notice under the Veterans Claims Assistance Act of 2000 (VCAA) with respect to how to substantiate a TDIU claim and he was to be afforded a VA examination to determine the severity of his service-connected disabilities on his ability to secure or follow a substantially gainful occupation. 

Pertinently, a review of the record reveals that the Veteran has not yet been provided VCAA notice with regard to his TDIU claim, nor has he been provided a VA examination pursuant to the May 2014 Board remand. Although the Board notes that the AOJ has not yet had an opportunity to provide the Veteran with VCAA notice and a VA examination for his TDIU claim due to the appeal of his increased rating claim to the Court, the Board still finds that remand of the TDIU claim is warranted for compliance with the May 2014 remand instructions. 

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran with appropriate notice of VA's duties to notify and to assist. Particularly, the Veteran should be properly notified of how to substantiate a claim for entitlement to TDIU. Additionally, provide him with VA Form 21-8940 in connection with the inferred claim for entitlement to TDIU, and request that he supply the requisite information.

2. Thereafter, schedule the Veteran for a VA examination for his service-connected arthritis of the lumbar spine. The claims folder is to be provided to the examiner for review in conjunction with the examination. 

The examiner's report should fully set forth all current complaints and pertinent clinical findings, and should describe in detail the presence or absence and the extent of any functional loss due to the Veteran's service-connected lumbar spine disability as well as any neurological and orthopedic manifestations. In particular, the examiner should indicate the point during range of motion testing that motion is limited by pain as well as the impact of weight-bearing on the Veteran's range of motion. 

Consideration should be given to any loss due to reduced or excessive excursion, or due to decreased strength, speed, or endurance, as well as any functional loss due to absence of necessary structures, deformity, adhesion, or defective innervation. In particular, the examiner should comment on any functional loss due to weakened movement, excess fatigability, incoordination, or pain on use, and should state whether any pain claimed by the Veteran is supported by adequate pathology, e.g., muscle spasm, and is evidenced by his visible behavior, e.g., facial expression or wincing, on pressure or manipulation. 
The examiner's inquiry in this regard should not be limited to muscles or nerves, but should include all structures pertinent to movement of the joint.

It is important for the examiner's report to include a description of the above factors that pertain to functional loss due to the lumbar spine disability that develops on use. 

Based on current examination of the Veteran as well as review of the evidence of record to include postservice treatment reports and prior physical examinations of the Veteran, the examiner should express an opinion as to whether pain or other manifestations occurring during flare-ups or with repeated use could significantly limit functional ability of the affected part. The examiner should portray the degree of any additional range of motion loss due to pain on use or during flare-ups. 

All opinions provided must be thoroughly explained, and an adequate rationale for any conclusions reached should be provided. Any report prepared must be typed.

3. Schedule the Veteran for a VA examination by an appropriate professional with regard to his claim of entitlement to TDIU. All necessary testing must be accomplished. The entire claims folder, to include all electronic records, must be reviewed by the examiner. 
The examiner must provide an opinion as to the functional impairment of the Veteran's service-connected disabilities, which include right knee degenerative arthritis with meniscus injury, degenerative arthritis of the lumbar spine, residuals of left index finger injury, tinnitus, skin rash, left heel fasciitis, healed fracture of right fourth toe, bilateral hearing loss disability, deviated septum, lung nodule, and left elbow epicondylitis. The examiner should interview the Veteran as to his employment and education history. The examiner is asked to provide an assessment of the functional impairment associated with the Veteran's service-connected disabilities as related to the Veteran's ability to perform activities required in various occupational situations such as walking, standing, and sedentary tasks. 

A full and complete rationale for any opinions expressed is required.

4. Review the claims file to ensure that all of the foregoing 
requested development is completed, and arrange for any additional development indicated, to include whether referral of the Veteran's lumbar spine disability for extraschedular evaluation is appropriate. Then readjudicate the claims on appeal. If any of the benefits sought remain denied, issue an appropriate supplemental statement of the case and provide the Veteran and his representative with the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).