Citation Nr: 1736727 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 07-31 703 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an increased rating in excess of 20 percent for a service-connected cervical spine degenerative disc disease (DDD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. Setter, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the Marine Corps from February 1991 to June 1991; and the Army from January 2004 to September 2005 and from March 2008 to June 2010.

The issue comes before the Board of Veterans' Appeals (Board) on appeal from a January 2013 rating decision of the Department of Veterans Affairs (VA) Regional Offices (RO) in Waco, Texas.

By way of background, the RO granted an increased rating for the Veteran's cervical spine disability in the January 2013 rating decision, effective March 25, 2011. The grant of an increased rating during the course of an appeal does not affect the pendency of that appeal. AB v. Brown, 6 Vet. App. 35 (1993). As the Veteran is presumed to be seeking the maximum allowable benefit and the maximum benefit has not yet been awarded, the claims are still in controversy and on appeal. Id. 

In December 2015, the Board granted service connection with an initial rating for radiculopathy of each of the left and right upper extremities, and remanded the appeal for a new examination for the cervical spine disability. In January 2017, the Board denied an increased rating in excess of 20 percent for service-connected cervical spine DDD, and the Veteran appealed the Board's decision.

In June 2017, the United States Court of Appeals for Veterans Claims (Court) granted a Joint Motion for Partial Remand (JPMR), which vacated and remanded the issue of an increased rating in excess of 20 percent for cervical spine DDD for inadequate reasons and bases and remanded the matter for proceedings consistent with the motion.

The Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge (VLJ) in August 2015. A transcript of the hearing is associated with the electronic claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran is seeking an increased rating in excess of 20 percent for his service-connected cervical spine DDD.

The Veteran's cervical spine DDD is rated under Diagnostic Code 5242, covering degenerative arthritis. All spine disabilities covered by Diagnostic Codes 5235 to 5242 are rated according to the General Rating Formula for Diseases and Injuries of the Spine (General Formula) based on limitation of motion. 38 C.F.R. § 4.71a, General Formula. Under the General Formula, the spine is evaluated with or without symptoms such as pain (whether or not it radiates), stiffness, or aching in the area of the spine affected by residuals of injury or disease. Id.

Under the General Formula, a 20 percent rating is warranted for forward flexion of the cervical spine greater than 15 degrees but not greater than 30 degrees; or the combined range of motion of the cervical spine not greater than 170 degrees; or muscle spasm or guarding severe enough to result in an abnormal gait of abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. 38 C.F.R. § 4.71a, General Formula. A 30 percent rating is warranted for forward flexion of the cervical spine to 15 degrees or less, or favorable ankylosis of the entire cervical spine. Id. A 40 percent rating is warranted for unfavorable ankylosis of the entire cervical spine. Id. A 100 percent rating is warranted for unfavorable ankylosis of the entire spine. Id. 

When evaluating disabilities of the musculoskeletal system, functional loss due to pain and weakness causing additional disability beyond that reflected on range of motion measurements must be considered. See 38 C.F.R. § 4.40, DeLuca v. Brown, 8 Vet. App. 202 (1995). Consideration must also be given to weakened movement, excess fatigability, incoordination or pain on movement of a joint. 38 C.F.R. §§ 4.45, 4.59; DeLuca, 8 Vet. App. 202; see also Johnston v. Brown, 10 Vet. App. 80, 84-5 (1997).

Functional loss due to pain is rated at the same level as functional loss where motion is impeded. See Schafrath v. Derwinski, 1 Vet. App. 589, 592 (1991). Pursuant to 38 C.F.R. § 4.59, painful motion should be considered limited motion, even though a range of motion may be possible beyond the point when pain sets in. Petitti v. McDonald, 27 Vet. App. 415, 425 (2015) (holding that § 4.59 serves as a bridge linking painful motion and limitation of motion, such that a claimant with painful motion is deemed to have limited motion under DC 5003 even though actual motion is not limited). Moreover, the provisions of 38 C.F.R. § 4.59 relating to painful motion are not limited to arthritis, so must be considered when raised by the claimant or reasonably by the record, even in non-arthritis contexts. See Burton v. Shinseki, 25 Vet. App. 1 (2011).

A finding of functional loss due to pain must be supported by adequate pathology and evidenced by the visible behavior of the claimant, although such behavior may be reported by a lay person. Petitti, 27 Vet. App. at 425.

The Court's June 2017 JPMR, discussed above, noted two areas of emphasis. First, the November 2012 and February 2016 examinations both noted that the Veteran experienced flare-ups, but the impact of those flare-ups and whether they further limited the Veteran's range of motion of his cervical spine was not discussed. Second, the February 2016 examination form inquired as to whether "pain, weakness, fatigability[,] or incoordination significantly limit[ed his] functional ability with flare-ups," to which the examiner indicated he could not answer without resort to speculation. The examiner's rationale was that the Veteran was "not currently flared up."

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary importance. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). When the evidence of record does not reflect the current state of the claimant's disability, a VA examination must be conducted. Schafrath v. Derwinski, 1 Vet. App. 589 (1991); 38 C.F.R. § 3.327(a). 

On the Veteran's most recent examination, in February 2016, the examiner diagnosed cervical strain, degenerative arthritis of the spine, and IVDS. The examiner documented the Veteran stating he had flare-ups, which caused increased pain, stiffness, and intermittent upper extremity radiculopathy. See Barr v. Nicholson, 21 Vet. App. 303 (2007) (finding that once VA undertakes to provide an examination, it is obligated to insure that the examination is adequate). Furthermore, the Veteran testified at his August 2015 VA hearing that he now experiences increased stiffness in his neck and muscle tenseness, including dull pain. See Littke v. Derwinski, 1 Vet. App. 90, 92 (1990) (noting that VA's duty to assist includes the conduct of a contemporaneous medical examination, in particular where it is contended that a service-connected disability has become worse); see also Snuffer v. Gober, 10 Vet. App. 400 (1997) (finding that a veteran is entitled to a new VA examination where there is evidence that the condition has worsened since the last examination). Therefore, the Board finds that in this instance a contemporaneous VA medical examination is warranted to determine the current severity of the Veteran's cervical spine disability.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an examination with an appropriate medical professional in order to determine the current level of severity of his cervical spine disability. The claims folder and a copy of this remand must be made available to the examiner who should indicate on the examination report that (s)he has reviewed the folder in conjunction with the examination. 

All indicated studies, including range of motion studies in degrees using a goniometer, should be performed. In reporting the results of range of motion testing, the examiner should identify any objective evidence of pain and the specific excursion(s) of motion, if any, accompanied by pain. To the extent possible, the examiner should assess the degree of severity of any pain. 

The extent of any incoordination, weakened movement, and excess fatigability on use should also be described by the examiner. If feasible, the examiner should assess the additional functional impairment due to weakened movement, excess fatigability, or incoordination in terms of the degree of additional range of motion loss. 

The examiner should also express an opinion concerning whether there would be additional limits on functional ability on repeated use or during flare-ups, and, to the extent possible, provide an assessment of the functional impairment on repeated use and during flare-ups. The examiner should assess the additional functional impairment on repeated use or during flare-ups in terms of the degree of additional range of motion loss. The examiner should also specifically report at what point any pain begins, and at what point any pain causes any functional impairment, or whether there is any additional range of motion loss due to excess fatigability, incoordination, or flare-ups. If such is not feasible, the examiner should explain why.

The examiner should indicate whether the Veteran's cervical spine disability is so severe so as to result in incapacitating episodes (i.e., episodes in which her adverse symptomatology required bed rest ordered by a physician). If so, the examiner should comment on the duration and frequency of such incapacitating episodes. 

The examiner should comment on whether there is any neurological abnormality associated with the cervical spine disability, to include but not limited to bladder or bowel impairment. 

The supporting rationale for all opinions expressed must be provided.

2. After completing the requested action, and any additional notification and/or development warranted, the RO must readjudicate the Veteran's increased rating claim. If either benefit sought on appeal remains denied, furnish the Veteran and his representative a supplemental statement of the case (SSOC) and afford an appropriate time period for response before the appeal is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).